UNITED STATES DISTRICT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEMETRIAL WASHINGTON** | § | CIVIL ACTION NO.:_____ |
| *Plaintiff* | | |
| versus | § | JUDGE JAMES D. CAIN, JR |
| **USAA GENERAL INDEMNITY COMPANY** | § | MAG. JUDGE KATHLEEN KAY |
| *Defendant* | | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff DEMETRIAL WASHINGTON, who hereby submits this Complaint for Damages against USAA GENERAL INDEMNITY COMPANY, to wit:

### I. PARTIES

1. Made Plaintiff herein is DEMETRIAL WASHINGTON ("*WASHINGTON*" or "Plaintiff" or "*Insured*"), person of the full age of majority who is domiciled in Beauregard Parish, Louisiana.

2. Made Defendant herein is USAA GENERAL INDEMNITY COMPANY, ("*USAA*") a foreign insurer incorporated under the laws of the State of Texas, and authorized to do and is doing business in the State of Louisiana and the Parish of Beauregard, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

3. When used herein, USAA refers to not only the named entity, but to anyone acting for or on behalf of USAA in relation to the claims of Plaintiff, including the employees, contractors, adjusters, and agents of USAA or anyone providing services to USAA relating to the claims of Plaintiff.

## II. JURISDICTION & VENUE

4. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and § 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Plaintiff resides in this District and the property that is subject to the dispute between Plaintiff and USAA is located in this District.

## III. RELEVANT FACTS

6. At all times relevant hereto, Plaintiff owned the property located at 1817 Donna Drive, DeRidder, Louisiana 70634 (the "Property").

7. At all times relevant hereto, USAA provided a policy of insurance, number USAA 01638541890A (the "Policy"), to Plaintiff which covered the Property against perils including hurricanes and wind damage.

8. On Thursday, August 27, 2020, at around 1:00 am CDT (0600 UTC) the eye of Hurricane Laura made landfall near Cameron, Louisiana, 35 miles east of the Louisiana/Texas border and then moved towards the North at near 15 mph (24 km/h). Hurricane Laura was a Category 4 hurricane at landfall with 130-kts (150 mph) sustained winds (10 m; 1-minute over water).

9. Hurricane Delta made landfall in Creole, LA on October 9, 2020, as a category 2 hurricane. Hurricane Delta exhibited winds at 70 mph along with wind gusts of approximately 115 mph with tremendous rainfall.

10. Hurricane Laura caused significant damages to Plaintiff's Property including damage to the exterior, interior, other structures and personal property and also resulted in the loss of use of the property and caused additional living expenses. Hurricane Delta exacerbated the damages which were caused by Hurricane Laura.

11. Plaintiff timely and promptly reported the loss to USAA, who assigned claim number 16385418-6 (the "Laura Claim"), and thereafter have cooperated fully and fairly with USAA and complied with all reasonable requests for information, all as is contemplated by the Policy issued by USAA.

12. As soon as practicable, Plaintiff mitigated the damages as best as possible under the catastrophic circumstances at her own expense.

13. USAA was notified of the loss and provided satisfactory proof of Plaintiff's loss when it was given full access to inspect all damages at the insured property without limitation. The inspection of the Property on behalf of USAA constituted satisfactory proof of loss as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973.

14. USAA inspected the property for Laura claim and Delta claim and prepared an estimate that misrepresented the extent and nature of the damage to Plaintiff's home and underestimated the amount needed to restore the home to pre-loss condition. Defendant's inspection of the Property was inadequate and did not accurately account for the full extent of the damages to the Property. More than thirty (30) days after USAA inspected the property, an inadequate payment was tendered.

15. Plaintiff was unable to make meaningful repairs to the Property due to the underestimation of the claim by USAA.

16. Plaintiff at her own cost, engaged the services of public adjusters to complete a thorough inspection of the damage caused by Hurricanes Laura and Hurricane Delta.

17. Plaintiff's Adjuster created an estimate of damages that documented significantly more damage than USAA failed to account for.

18. Despite being provided with satisfactory proofs of loss, USAA has continued to delay and underpay the claim. Defendant is therefore in violation of La R.S. §22:1892 and §22:1973.

19. USAA has failed to unconditionally tender the reasonable amount owed to Plaintiff.

20. As a result of USAA'S failure to timely and adequately compensate Plaintiff for the substantial losses, the Property remains damaged.

21. The failure of USAA to make adequate and timely payments for damages sustained, despite being provided with satisfactory proofs of loss, is arbitrary and capricious given Plaintiff's extensive damages, thereby rendering USAA liable in bad faith for failure to deal fairly with its insured, and consequently liable to Plaintiff for all damages under the law for property damages sustained by Plaintiff due to Hurricane Laura and Hurricane Delta, as well as penalties and attorney's fees pursuant to La R.S. §22:1892 and La R.S. §22:1973.

22. Upon information and belief, USAA conducted the investigation and claims handling for Plaintiff's claims in bad faith as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973.

23. Upon information and belief, USAA'S failure to timely and adequately compensate Plaintiff for the loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

24. Upon information and belief, USAA purposely and/or negligently misrepresented to Plaintiff the terms and conditions of the Policy.

25. Upon information and belief, USAA conducted the investigation and claims handling for Plaintiff's claims in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. § 22:1892 and 22:1973.

26. Upon information and belief, USAA manipulated its pricing software to artificially suppress the cost of repairs below market value.

27. Upon information and belief, USAA purposely or at least negligently failed to include adequate overhead and profit in its estimates of damages.

28. Plaintiff has incurred and will continue to incur additional expenses in restoring the Property as a result of USAA'S failure to timely compensate Plaintiff for the substantial covered losses.

29. As a result of USAA'S failure to timely and adequately compensate Plaintiff for the covered losses, Plaintiff was forced to incur the expense of retaining counsel, professional engineers, public adjusters, and other expenses to prosecute this claim

## IV. CAUSES OF ACTION

### A. Breach of Contract

30. Plaintiff incorporate the allegations contained in paragraphs 1 - 30 herein.

31. An insurance contract, the Policy, exists between Plaintiff and USAA.

32. The Policy provides coverages for perils including hurricanes and wind damage.

33. Despite having received satisfactory proofs of loss for damages caused by Hurricane Laura and Hurricane Delta, USAA failed to timely adhere to the contract's terms and refused to tender adequate insurance proceeds pursuant to the Policy.

34.  USAA wrongfully failed to comply with the terms of the contract by failing to accept coverage and pay for a covered loss. USAA is therefore in breach of the contract of insurance issued to Plaintiff.

35.  By misrepresenting the terms and conditions of the Policy, USAA breached the Policy.

36.  By failing to conduct the claims handling for Plaintiff's claim in good faith and with fair dealing, USAA breached the Policy.

37.  Plaintiff has suffered and continues to suffer damages as a result of these breaches of the Policy. In addition to amounts reflected in proofs of loss already received by USAA, Plaintiff is entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the home, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant coverage, less any prior payments and any applicable deductible.

**B. Claims for Bad Faith/Violations of La. R.S. § 22:1892 and/or § 22:1973**

38.  Plaintiff incorporates the allegations contained in paragraphs 1 - 37 herein.

39.  Under La. R.S. §22:1973, an insurer owes a duty of good faith and fair dealing to its insured and has an affirmative duty to adjust claims fairly and promptly. Failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of §22:1973. Section 1973 makes any misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured within sixty (60) days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

40. Louisiana Revised Statute 22:1892 obligates an insurer, such as USAA, to pay the amount due any insured within thirty (30) days after satisfactory proof of loss and states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable attorney fees and costs.

41. Louisiana law requires that an insurer unconditionally tender the amounts due an insured in order to satisfy its payment obligations under the above-referenced statutes.

42. USAA is in violation of La R.S. §22:1892 and §22:1973 for failing to provide Plaintiff an adequate payment in connection with the claim despite having received satisfactory proofs of loss following its own inspections of the Property and following its receipt of independent proofs of loss from Plaintiff.

43. More than thirty (30) and sixty (60) days have elapsed since USAA first received satisfactory proof of loss of all of Plaintiff's claims and USAA still has not made an unconditional tender of all amounts owed, thereby triggering application of the penalties found in the above-referenced statutes.

44. USAA'S failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith and for each proof of loss provided by Plaintiff thereafter.

45. USAA'S misrepresentations of the relevant facts and terms of the Policy was in bad faith

46. USAA is and continues to be in violation of both Louisiana Revised Statutes §22:1892 and §22:1973 and is liable to Plaintiff for damages, statutory penalties, attorneys' fees, interest and costs.

47. USAA'S manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

48. USAA'S failure to include adequate overhead and profit in its estimates of damages was in bad faith.

49. USAA'S handling of Plaintiff's claims was in bad faith.

## V. DAMAGES

50. Plaintiff incorporates the allegations contained in paragraphs 1 – 49 herein.

51. As a result of USAA'S breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiff has incurred the following, non-exclusive damages:

    a. Diminution in value of the Property;

    b. Actual repair costs;

    c. Reimbursement for personal repairs at the Property;

    d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

    e. Damages to personal property/contents;

    f. Additional living/loss of use expenses;

    g. Mental anguish;

    h. Penalties described in LA. R.S. §22:1892 and §22:1973; and

    i. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**WHEREFORE**, after due proceedings hereon, Plaintiff prays for judgment in her favor against Defendant finding as follows:

    1) Defendant in breach of both the insurance policy and its statutory obligations and therefore liable to Plaintiff for all amounts due under the

policy, as well as statutory penalties, damages, attorneys' fees, interest, and costs;
2) For compensatory, general, and all consequential damages, according to proof;
3) For the full amount of policy benefits owed to Plaintiff under the Policy for the loss and damage sustained by Plaintiff as a result of Hurricanes Laura and Delta as coverage being provided in the Policy;
4) For all damages sustained and statutory penalties pursuant to La. R.S. §§ 22:1973(C) and 22:1892(B)(1), (C)(3);
5) For attorney's fees and costs;
6) For experts' fees and costs;
7) For mitigation, investigation and other costs and expenses;
8) For legal interest, according to proof;
9) For punitive and/or treble damages, according to proof; and
10) For all such other and further relief as this Court may deem just and proper.

Respectfully Submitted:

By: *s// John M. Welborn, III*
**John M. Welborn, III**
LA Bar No. 35378
P.O. Box 236
508 N. Pine Street
DeRidder, Louisiana 70634
Telephone: 337-462-1200
Facsimile: 337-462-3322
Email:john@johnwelbornlaw.com
*Counsel for Plaintiff*